**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DALE ECKSTEIN,

       Plaintiff,                     Civil Action No.1:22-cv-219

  vs.                                 McFarland, J.
                                       Bowman, M.J.

THOMAS BRAME, et al,

       Defendants.

## REPORT AND RECOMMENDATION

Defendants Thomas Brame and Shirley Brame filed a pro se Notice of Removal in this Court. Defendants appear to be parties to an eviction action in the Hamilton County Court of Common Pleas brought by Plaintiff Dale Eckstein.  This matter is before the Court for a sua sponte review of Defendants' Notice of Removal and documents submitted in support of removal to determine whether the Court has jurisdiction over this matter. See 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

For the reasons that follow, this matter should be remanded back to state court. The statute creating diversity of citizenship jurisdiction provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). A defendant can remove an action from state court to federal court if the federal court has original jurisdiction, including diversity of citizenship jurisdiction, over the case. 28 U.S.C. § 1441(a). 28 U.S.C. § 1446(b) generally requires

1

removal within 30 days of service of the initial pleading. Furthermore under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Additionally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A federal court must resolve any doubt concerning the propriety of removal in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (calling for strict construction of statutes regulating the jurisdiction of federal courts); *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F.Supp.2d 671, 676 (S.D.Ohio 2014). The defendant bears the burden of establishing that removal was proper. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir.2000); see also Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir.2001) (stating that defendant must prove the amount in controversy for diversity jurisdiction).

This Court lacks subject matter jurisdiction over this removed state court eviction action. Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries

the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Vill. of Oakwood v. State Bank and Tr. Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996)). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

The Court cannot discern a basis for federal question jurisdiction in this matter. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the state court plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. *See also Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 357 (6th Cir. 2015) ("Under the well-pleaded complaint rule, the plaintiff 'is master to decide what law he will rely upon.'") (quoting *Loftis v. United Parcel Serv., Inc.*,

3

342 F.3d 509, 515 (6th Cir. 2003)). In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Bd.*, 463 U.S. at 12). *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metro. Life*, 481 U.S. at 63; *Chase Manhattan Mortg. Corp.* v. Smith, 507 F.3d 910, 914-15 (6th Cir. 2007).

Defendants have failed to establish this Court has original federal question jurisdiction over this case. The state court complaint does not show this case arises under the Constitution or laws of the United States. Defendants appear to contend that Eckstein violated their civil rights in connection with the state court eviction proceeding. However, even if Defendants assert a federal defense to the state court eviction action, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 8-12; *Chase Manhattan Mortg. Corp.*, 507 F.3d at 914-15. Therefore, Defendants have failed to meet their burden of showing federal question jurisdiction in this matter. Accordingly, as no basis for federal jurisdiction exists, this court lacks subject matter jurisdiction.

For the foregoing reasons, it is herein **RECOMMENDED** that this matter be **REMANDED** to the Hamilton County, Ohio Municipal Court. It is further **RECOMMENDED** that the Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Defendants leave to appeal in forma pauperis.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DALE ECKSTEIN,

    Plaintiff,                              Civil Action No.1:22-cv-219

vs.                                          McFarland, J.
                                                 Bowman, M.J.

THOMAS BRAME, et al,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).